Before KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiff Marvin Karlins brought this tort action against Defendant Hotel Ramada of Nevada, doing business as Tropicana Resort and Casino, for acts that occurred on March 7, 2001. On March 12, 2001, Plaintiff filed for bankruptcy protection. The trustee in bankruptcy is not a party to this case, and there is no allegation that the trustee has abandoned the claim at issue.

Plaintiff's tort claim was an asset of the bankruptcy estate. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707–09 (9th Cir.1986) (holding that a debtor's extant state-law claim for emotional distress became property of the bankruptcy estate upon the filing of the bankruptcy). Accordingly, the claim had to be pursued, if at all, by the trustee through the bankruptcy process. *See Turner v. Cook,* 362 F.3d 1219, 1225–26 (9th Cir.2004) (holding that an individual who had filed for bankruptcy lacked standing to pursue the litigation because all legal and equitable interests in his claims had become the property of the bankruptcy estate and the record did not demonstrate the trustee's abandonment of those claims). Any allegation that Defendant willfully violated the automatic stay in bankruptcy is also a matter for the bankruptcy court. *See McGhan v. Rutz (In re McGhan),* 288 F.3d 1172, 1179 (9th Cir. 2002); *Gruntz v. County of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1081 (9th Cir.2000).

The district court's orders are VACATED insofar as they decided anything about the sufficiency of the pleadings or the merits of the claim. The district court's DISMISSAL of the action is, however,

AFFIRMED. Costs on appeal awarded to defendant-appellee.

Andrew W. **SHALABY,** Plaintiff–Appellant,

v.

Ira **JACOBOWITZ;** Susan Burnett Luten, Defendants–Appellees.

No. 03–16412.
D.C. No. CV–03–00227–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2005.*

Decided May 24, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Andrew W. Shalaby, El Cerrito, CA, pro se.

Jeffrey M. Cowan, Esq., Seattle, WA, for Defendant–Appellee.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Andrew W. Shalaby appeals the district court's dismissal of his action against Ira Jacobowitz. We affirm.

(1) Shalaby first contends that the district court erred when it dismissed the declaratory relief action in which he sought to have California's anti-SLAPP law [1] declared unconstitutional. We agree with the district court that Jacobowitz is not a person who can be forced to defend this general assault on the anti-SLAPP law. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 64, 117 S.Ct. 1055, 1067, 137 L.Ed.2d 170 (1997); *Pinhas v. Summit Health, Ltd.,* 894 F.2d 1024, 1034–35 (9th Cir.1989). The supposed dispute between Jacobowitz and Shalaby is purely hypothetical, academic and abstract (the latter might sue the former who, in turn, might seek to use the anti-SLAPP law against the latter). *See Arizonans,* 520 U.S. at 64, 117 S.Ct. at 1067; *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 575, 112 S.Ct. 2130, 2144, 119 L.Ed.2d 351 (1992); *Diamond v. Charles,* 476 U.S. 54, 61–62, 64–65, 106 S.Ct. 1697, 1703, 1704–05, 90 L.Ed.2d 48 (1986). The dismissal was proper.

(2) Shalaby also asserts that the district court erred when it dismissed his claim that Jacobowitz is a lawyer who gho-

1. *See* Cal.Civ.Proc.Code § 425.16.

stwrites pleadings for pro se litigants. As with his anti-SLAPP claim, Shalaby fails to plead an actual controversy with Jacobowitz on this issue. There is no indication that Jacobowitz has ever helped a pro se litigant bring an action against Shalaby or, for that matter, that he ever will. Beyond that, Shalaby has not shown any authority for the proposition that there is (or could be) a federal constitutional right to be free from having to face a ghostwritten pleading. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980) (holding that a plaintiff must allege deprivation of a federal constitutional right).

(3) Finally, Shalaby suggests (but does not expressly argue) that he should have been granted leave to amend. However, his motion to the district court did not spell out anything that corrected (or could correct) the complaint's deficiencies. The district court did not err. *See Caswell v. Calderon,* 363 F.3d 832, 836, 837 (9th Cir. 2004).

AFFIRMED.